IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY GALLEGOS, OLEN C. PRIDDY,
SHEILA CAVITT-OLGUIN, TYLER KEMP,
DEBORAH LEYBA, ROSE ANNA MARQUEZ,
DANIEL JOSLIN, GREGORY LUNGSTRUM,
JUANITA MAESTAS, CANDACE SEAVERNS
on behalf of THE SEAVERNS FAMILY
LIVING TRUST, RICHARD OGOREK, and
JUANITA HERRERA-ROMERO,

      Plaintiffs/Petitioners,

      v.                                                No. 1:24-cv-00170-JB-JFR

FEDERAL EMERGENCY MANAGEMENT
AGENCY, and DOES 1-20, INCLUSIVE,

      Defendants/Respondents.

## DEFENDANT/RESPONDENT'S
## UNOPPOSED EXPEDITED MOTION TO EXTEND STAY OF JUDGMENT

Defendant/Respondent Federal Emergency Management Agency respectfully requests that the Court extend the stay of its judgment for 30 days, until the deadline for FEMA to file any notice of appeal of the judgment. Good cause exists for the extension of this stay, as is more fully detailed below. The Court's judgment is automatically stayed for 30 days pursuant to Federal Rule of Civil Procedure 62(a). The United States and its agencies, however, have 60 days to file a notice of appeal. As a result, there is a gap in time between when the automatic stay expires and an appeal must be filed. Further, if an appeal is filed, the judgment likely will be stayed—either through the automatic provisions of Federal Rule of Civil Procedure 62(b) or (e) or by further motion practice. Extending the automatic stay until the duration of the pre-appeal window prevents confusion and the inconsistent handling of claims (including the potential need to claw back claim awards) during different periods of time when the judgment is and is not in effect.

Pursuant to Local Civil Rule 7.1(a), Plaintiffs/Petitioners were consulted and they do not oppose this motion.

1. **The Court's Judgment and Its Automatic Stay.**

The Court entered a Memorandum Opinion and Order in this case on July 21, 2025 (Doc. 74), following judicial review proceedings under Section 104(i) of the Hermit's Peak/Calf Canyon Act. This Opinion is a Judgment pursuant to Federal Rule of Civil Procedure 54(a) as it is an "order from which an appeal lies." The Judgment is automatically stayed for 30 days under Federal Rule of Civil Procedure 62(a).

Although most litigants have 30 days after a judgment to file a notice of appeal, the United States and its agencies, including FEMA, have 60 days to file a notice of appeal. Fed. R. App. P. 4(a)(1)(B). As a result, although in cases with non-governmental parties the automatic stay and period to appeal are co-extensive, there is here a 30-day window where the stay expires but the decision to appeal is not yet due. That 30-day gap in time is the subject of this motion.

2. **Good Cause Exists to Extend Rule 62(a)'s Automatic Stay Until the Notice of Appeal Deadline.**

Good cause exists to extend the 30-day stay under Rule 62(a) for an additional 30 days, until FEMA's deadline to file a notice of appeal on September 19, 2025. To begin, extending the automatic stay by 30 days avoids a period of uncertainty and ambiguity where the Court's judgment is in place but FEMA has not decided whether it will appeal the judgment. FEMA and its counsel in the Department of Justice are reviewing the Court's ruling to decide whether to file a notice of appeal. That decision is complex and requires the 60-day period for filing a notice of appeal, given the consequences for the entire Hermit's Peak/Calf Canyon Claims Process, the necessary approval of any appeal by the Solicitor General, and input from interested agencies, including FEMA and the Department of Agriculture/Forest Service. Extending the stay while this

appellate decision is ongoing avoids FEMA needing to implement the judgment while this process is underway only to then potentially shift course when a notice of appeal is filed. This concern is particularly acute given the nature of the Court's order, which (together with the related opinions in *Lands v. FEMA*, 1:23-cv-869-JB-JFR, and *Dolan v. FEMA*, 1:23-cv-908) concern the processing of a large number of claims for noneconomic damages which risk being treated inconsistently or with changed adjudications depending on whether the judgment stays in effect.

Furthermore, if FEMA does appeal the Court's judgment, the judgment should be automatically stayed as a result of the appeal through the operation of Federal Rule of Civil Procedure 62(b) and (e). Rule 62(b) provides a stay of a judgment upon the posting of a bond or other security. Rule 62(e), titled "Stay Without Bond on an Appeal by the United States, Its Officers, or Its Agencies," exempts the United States from the requirement to post a bond when the Court grants a stay.

Courts have read these provisions together to hold that when the United States appeals a decision operating as a money judgment, the appeal automatically stays the judgment. For example, the Eleventh Circuit concluded, "[S]ince Rule 62(d) entitles a litigant to a stay of a money judgment pending appeal upon payment of a bond, Rule 62(e) entitles the United States to a stay of a money judgment pending appeal without payment of a bond." *Dixon v. United States*, 900 F.3d 1257, 1268 (2018); *see also Lightfoot v. Walker*, 797 F.2d 505, 507 (7th Cir. 1986) (concluding same); *United States v. Holland*, No. 13-cv-10082-MOB-MKM, 2018 WL 4234478 (E.D. Mich. July 25, 2018) (collecting authorities concluding same).[1] The court explained that this interpretation served the purpose of "protect[ing] the judgment debtor from satisfying the

---

[1] In 2018, Rule 62 was amended to reorganize its provisions. The operative provisions of Rule 62(b) were previously in Rule 62(d). Hence, earlier cases discussing this provision will reference Rule 62(d).

judgment only to find that restitution is impossible after reversal on appeal" and that "a federal court's money judgment against the United States is already protected without the need for a bond." *Id.* (internal quotation marks and citation omitted). In this district, Judge Vazquez has concluded the same: "The Court will rule in accordance with the majority of jurisdictions that have agreed with the Seventh Circuit's analysis by concluding that agencies of the United States are entitled to a stay pending appeal, as of right, without having to post a *supersedeas* bond." *Resolution Trust Corp. v. Schuchmann*, No. 93-cv-1024-MV-RLP, 2001 WL 37125041 at *3 (June 13, 2001).

    The stay as of right upon any appeal by FEMA should apply here, as the Court's judgment is best considered a monetary judgment. The inquiry of whether a judgment is one for money damages, and thus subject to automatic stay upon Government's appeal, is a practical inquiry of whether the "judgment involved is monetary or nonmonetary." *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir.1992); *see also Kaseman v. D.C.*, 368 F. Supp. 2d 27, 29 (D.D.C. 2005) ("Automatic stays are not to be applied too narrowly and their application should not turn on a mere technicality."). Therefore, the Fifth Circuit found "no support that a judgment for money is not entitled to an automatic stay pursuant to Rule 62(d) simply because it takes the form of a declaratory judgment." *Hebert*, 953 F.2d at 938.

    Here, the Court's ruling is in effect a money judgment with the attendant risks that if the judgment is enforced but reversed on appeal it may be impossible to recoup the paid funds. The Court's Opinion states that "FEMA shall pay" the Petitioners various amounts. Doc. 74 at 130; *see also* "Final Judgment," Doc. 77 at 1 ("In the MOO, the Court evaluates the Plaintiffs' judicial review requests and orders Defendant Federal Emergency Management Agency to pay" various amounts); *id.* at 2–3 (ordering FEMA to pay various amounts). Thus, the Court's judgment is a

monetary judgment subject to an automatic stay upon the Government's appeal. To conclude otherwise would result in claims being paid out of a limited pot of funds, potentially reversed on appeal, and requiring FEMA to need to try to recover paid funds from twelve individual claimants. This is precisely the sort of situation for which supersedeas bonds and their automatic provision under Rule 62(e) are designed. Extending the 30-day automatic stay avoids the need for FEMA to file a protective notice of appeal, seek relief under Rule 62's automatic stay provisions once an appeal is filed, and potentially withdraw the appeal.

### 3.  Conclusion and Request for Relief.

For these reasons, FEMA respectfully requests that the Court stay the Judgment in this case for 60 days from entry until September 19, 2025. To the extent that the Court concludes that additional briefing or consideration is needed before ruling on this motion, notwithstanding Petitioners' non-opposition, FEMA requests that the Court enter an administrative stay while such briefing or consideration is pending.

Respectfully submitted,

RYAN ELLISON
Acting United States Attorney

 /s/ Nicholas M. Sydow 8/15/25
Nicholas M. Sydow
Carrie Y. Yang
Rafael F. Go
Assistant United States Attorneys
201 Third St. NW, Suite 900
Albuquerque, NM 87103
(505) 346-7274
nicholas.sydow@usdoj.gov
carrie.yang@usdoj.gov
rafael.go@usdoj.gov

*Attorneys for Respondent*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on August 15, 2025, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing.

                                    */s/ Nicholas M. Sydow 8/15/25*
                                    Nicholas M. Sydow
                                    Assistant United States Attorney