IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| ANTHONY GALLEGOS, OLEN C. PRIDDY, SHEILA CAVITT-OLGUIN, TYLER KEMP, DEBORAH LEYBA, ROSE ANNA MARQUEZ, DANIEL JOSLIN, GREGORY LUNGSTRUM, JUANITA MAESTAS, CANDACE SEAVERNS ON BEHALF OF THE SEAVERNS FAMILY LIVING TRUST, RICHARD OGOREK, JUANITA HERRERA-ROMERO,<br><br>*Plaintiffs/Petitioners*,<br><br>v.<br><br>FEDERAL EMERGENCY MANAGEMENT,<br><br>*Defendants/Respondents*. | No. 24-cv-00170-JB-JFR |

**PLAINTIFFS' OPPOSED MOTION TO CORRECT OR CLARIFY THE FINAL JUDGMENT**

1

## INTRODUCTION

This action was brought by 12 victims of the Hermit's Peak/Calf Canyon Fire who sought compensation from FEMA under the Hermit's Peak Fire Assistance Act ("HPFAA") for injuries caused by the fire.

The court entered final judgment following a two-day judicial review hearing of Federal Emergency Management Agency's (FEMA) determinations of Plaintiffs' claims.

The damages awarded to Plaintiffs Deborah Leyba and Gregory Lungstrum calculated in the final judgment are inconsistent with the damages the Court awarded at the judicial review hearing and in its subsequent order.

Pursuant to Federal Rule of Civil Procedure Rule 60(a), Plaintiffs move this Court to clarify or correct the clerical errors in the Final Judgment entered July 30, 2025 as to Deborah Leyba and Gregory Lungstrum's total damages awards.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1.     The Hermit's Peak Calf Canyon Act

On April 6, 2022, the U.S. Forest Service initiated a prescribed burn in the Santa Fe National Forest (a federal land in San Miguel County, New Mexico). (Doc. No. 1 ¶ 24) ("Compl.") The burn got out of control, causing a

wildfire that spread to non-federal land, significantly damaging private property, and resulted in the Hermit's Peak/Calf Canyon Fire. (Compl. ¶ 24.)

On September 30, 2022, Congress enacted—and the President signed—the Act "to compensate victims of the Hermit's Peak/Calf Canyon Fire, for injuries resulting from the fire" and "to provide for the expeditious consideration and settlement of claims for those injuries." (Doc No. 1, ¶¶ 27–28; HPFAA, Pub. L. No. 117-180, § 102(b). (Emphasis added.)

The Act provides the right for judicial review of any final decision of the Administrator. *Id*. at § 104(i)(1).

Pursuant to the Act, Plaintiffs filed claims for compensation and then filed this action for judicial review of FEMA's decisions on their claims. (Compl. ¶¶ 3–4, 9–23.) After the Court denied FEMA's motion to dismiss for failure to exhaust administrative remedies, it held the judicial review hearing of Plaintiffs' claims on May 5, 2025 and May 6, 2025.

2. **The Judicial Review hearing, order, and final judgment.**

At the hearing the Court reviewed the administrative record and made findings on the record, which includes deciding awards for Plaintiffs.

On July 21, 2025, the Court issued it memorandum and order of its findings from the judicial review hearing. On July 30, 2025, the Court entered final judgment.

The chart below presents the amounts awarded by the Court during the hearing, subsequent order, and judgment.

| Plaintiff | Review Hearing | Order | Final Judgment |
|---|---|---|---|
| Deborah Leyba | $100,000 added for noneconomic damages **Total: $326,538** (May 5, 2025, Tr., p. 115:22-116:9.) | The Court modifies FEMA's final decision to give Leyba her requested $100,000.00 in noneconomic nuisance damages, bringing Leyba's total compensation to **$326,538.00**. (Doc. No. 74, p. 27.) | **$269,782.43** |
| Gregory Lungstrum | Reforestation: $1,153,586 Erosion $257,888.95 (RT 5/5/25, p. 164:10–18, 174:5–8.) Noneconomic $300,000 **Total $1,711,474.96** (May 5, 2025, Tr. at 178:20-179:4.) | Reforestation: $1,153,586 Erosion $257,888.95 Noneconomic $300,000 (Doc. 74, pp. 30–31.) **Total $1,711,474.96** | **$1,661,794.88** |

# ARGUMENT

Plaintiffs seek this Court's clarification or correction to the damages awards provided to Deborah Leyba and Gregory Lungstrum given that a discrepancy exists between the order and final judgment.

Pursuant to Federal Rule of Civil Procedure, Rule 60(a), "The court may correct a ... mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record..."

Courts have power and duty to correct judgments which contain clerical errors or judgments which have been issued due to inadvertence or mistake. *American Trucking Ass'ns v. Frisco Transp. Co.*, 79 S. Ct. 170, 177, 358 U.S. 133, 145 (1958). A motion for relief from judgment based on clerical mistake permits correction of not only clerical mistakes, but also inadvertent errors when correction is necessary not to reflect Court's new and subsequent intent, but to conform order to Court's contemporaneous intent. *Robert Lewis Rosen Associates, Ltd. v. Webb*, 473 F.3d 498, 504 (2d Cir. 2007).

The relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule. *In the Matter of West Texas Marketing Corp.*, 12 F.3d 497, 504 (1994). "As long as the intentions of the parties are clearly defined and all the court need do is employ the judicial

eraser to obliterate a mechanical or mathematical mistake, the modification will be allowed." *Id.* at 504–05.

Rule 60(a) is appropriate for correcting mis-stated or mis-calculated damages awards. *Semtner v. Group Health Service of Oklahoma, Inc.*, 129 F.3d 1390, 1392 (10th Cir. 1997) (district court's omission of specific amount of damages owed to beneficiary in ERISA suit was clerical error that could be corrected without affecting finality); *Esquire Radio & Electronics, Inc. v. Montgomery Ward & Co., Inc.*, 804 F.2d 787 (2d Cir. 1986) (amending damage award from $269,689.89 to $296,686.89 in postjudgment supplemental order was proper, where documentary evidence and testimony on damages clearly and unambiguously referred to $296,686.89, and jury award of $269,689.89 on its special interrogatory form merely reflected district court's clerical error of transposing second and third digits in supplying figure.)

Here, two of the Plaintiffs damages awards contain errors that require correction or clarification.

First, Deborah Leyba's damages award provided at the hearing and in the order are inconsistent with her damages award provided in the final judgment.

At the judicial review hearing on May 5, 2025, the Court stated, "[s]o I will modify the administrator's award to include the $100,000 that she claimed. If my math is correct, that would make the total award for Ms.

6

Leyba to be $326,538." The Court's order issued on July 21, 2025 likewise stated that "the Court modifies FEMA's final decision to give Leyba her requested $100,000.00 in noneconomic nuisance damages, bringing Leyba's total compensation to $326,538.00." (Doc. No. 74, p. 27.)

But then the final judgment awarded Leyba $269,782.43. Plaintiffs request the final judgment be corrected to reflect Leyba's awarded damages in the amount of $326,538.00.

Second, Gregory Lungstrum's damages award provided at the hearing and in the order are also inconsistent with his damages award provided in the final judgment.

At the judicial review hearing, the Court awarded Gregory Lungstrum $1,153,586 in reforestation damages, $257,888.95 in erosion damages, and $300,000 in noneconomic damages for a total award of $1,711,474.96. (May 5, 2025, Tr. at 178:20-179:4.) The Court's order issued on July 21, 2025 awarded Lungstrum the same damages for a total of $1,711,474.96. (Doc. 74, pp. 30–31.) But then the final judgment awarded Lungstrum $1,661,794.88.

Plaintiffs request the final judgment be corrected to reflect Lungstrum's awarded damages in the amount of $1,711,474.96.

| | |
|---|---|
| Dated: August 18, 2025 | Respectfully submitted:<br>SINGLETON SCHREIBER, LLP<br><br>*/s/ Jonna D. Lothyan*<br>Gerald B. Singleton<br>Benjamin I. Siminou<br>Jonna D. Lothyan<br>SINGLETON SCHREIBER LLP<br>591 Camino de la Reina, Ste 1025<br>San Diego, CA 92108<br>(619) 704-3288<br>*gsingleton@singletonschreiber.com*<br>*bsiminou@singletonschreiber.com*<br><br>Brian Colón<br>Jacob Payne<br>SINGLETON SCHREIBER LLP<br>6501 Americas Pkwy. NE, Ste. 670<br>Albuquerque, NM 87110<br>(505) 587-3473<br>*bcolon@singletonschreiber.com*<br>*jpayne@singletonschreiber.com*<br><br>Counsel for Plaintiffs |

### CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2025, I filed the foregoing pleading electronically through the CM/ECF system which caused all parties or counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing.

*/s/ Jonna D. Lothyan*
Jonna D. Lothyan