IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY GALLEGOS, OLEN C. PRIDDY,
SHEILA CAVITT-OLGUIN, TYLER KEMP,
DEBORAH LEYBA, ROSE ANNA MARQUEZ,
DANIEL JOSLIN, GREGORY LUNGSTRUM,
JUANITA MAESTAS, CANDACE SEAVERNS
on behalf of THE SEAVERNS FAMILY
LIVING TRUST, RICHARD OGOREK, and
JUANITA HERRERA-ROMERO,

      Plaintiffs/Petitioners,

      v.                                                      No. 1:24-cv-00170-JB-JFR

FEDERAL EMERGENCY MANAGEMENT
AGENCY, and DOES 1–20, INCLUSIVE,

      Defendants/Respondents.

**FEDERAL EMERGENCY MANAGEMENT AGENCY'S RESPONSE TO PETITIONERS' MOTION TO CLARIFY OR CORRECT THE FINAL JUDGMENT AND CROSS-MOTION TO CLARIFY OR CORRECT THE FINAL JUDGMENT**

      Defendant/Respondent Federal Emergency Management Agency (FEMA) opposes Petitioners' request to correct the amounts entered in the final judgment for Petitioners Leyba and Lungstrum. Petitioners state that these amounts differ from those the Court announced during the judicial review hearing and in the Court's post-hearing Opinion, and should therefore be revised. The discrepancies that Petitioners point out, however, stem from the Court's revised findings of law in its post-hearing Opinion and not from clerical error or mistake. Consequently, Petitioners' motion should be denied. Additionally, FEMA respectfully calls the Court's attention to potential tabulation errors for the modified claim determinations for Petitioners Leyba, Lungstrum, and Herrera-Romero in the final judgment. FEMA requests the Court amend these modified award amounts in the final judgment to reflect the recalculated amounts. Petitioners oppose this cross-

1

motion.

## I. Factual and Procedural Background

### A. The HPCC Act

Congress passed the Hermit's Peak/Calf Canyon Fire Assistance Act, Pub. L. No. 117-180 ("HPCC Act" or "Act") to provide compensation for victims of the Hermit's Peak/Calf Canyon Fire. Congress tasked FEMA with administering relief under the Act. HPCC Act §104(a)(2). The Act requires FEMA to make determinations regarding the eligibility of and any compensation awarded to, claimants seeking relief. *Id*. §§104(c)(1); (d)(1)(A)–(B). Claimants may seek judicial review of FEMA's final decision regarding a claim within 60 days of the decision's issuance if they are dissatisfied. *Id*. §104(i)(1).

### B. Judicial Review of Petitioners' Claim Determinations

Petitioners are eleven individuals and one living trust who submitted claims under the Act and filed the underlying action for judicial review of FEMA's claim determinations. *See generally* Complaint, Doc. 1. After the Court denied FEMA's motion to dismiss for failure to exhaust administrative remedies, the Court conducted a judicial review hearing ("Hearing") to adjudicate Petitioners' HPCC Act claims. Doc. 74 at 10, 20. During the Hearing, the parties engaged in oral argument regarding FEMA's claim determinations for each Petitioner. *Id*. at 22–34. The Court subsequently either upheld or modified FEMA's determinations. *Id*.

After the Hearing, the Court issued its Memorandum Opinion and Order ("MOO") that not only determined legal and procedural issues raised by FEMA both before and during the Hearing but also provided a written analysis of each Petitioner's HPCC Act claims. *See generally* Doc. 74. As part of this written analysis, the Court revised award amounts for several Petitioners, including Leyba and Lungstrum. *Id*. at 92–101, 107–115.

The Court then rendered a final judgment requiring FEMA to pay Petitioners the amounts entered in the judgment. Doc. 77.[1] The amounts in the final judgment are the same as those listed in the MOO. *Compare* Doc. 74 at 130–131 *with* Doc. 77 at 2–3.

    *1.*    *Leyba*

Petitioner Deborah Leyba sought judicial review of FEMA's denial of her noneconomic damages claim of $100,000 and erosion damages claim of $280,280.42, and of FEMA's partial denial of her reforestation claim of $226,538. *Id*. at 25. During the Hearing, the Court found that FEMA's determination of Leyba's reforestation claim was unsupported by the record and modified the determination to include the full requested amount of $226,538. *Id*. at 26. The Court also reversed FEMA's denial of Leyba's noneconomic damages claim and modified FEMA's award to provide $100,000 in damages. *Id*. at 26–27. However, the Court upheld FEMA's denial of Leyba's erosion claim. *Id*. at 26. In total, the Court announced a modified award amounting to $326,538. *Id*. at 26.

The Court revisited its determination of Leyba's reforestation claims in the MOO. After reviewing the record, the Court found that FEMA's calculation of the reforestation amount was supported by substantial evidence, revising its preliminary conclusion during the Hearing. *Id*. at 26, 99–100. The Court also found compensable under the Act aesthetic damages, taxes associated with reforestation costs, and a ten percent contingency fee. *Id*. at 95–96. Consequently, the Court calculated an amount of $169,782.43 for reforestation damages in the MOO, revising the $226,538 modified determination from the Hearing. *Id*. at 25, 101. The Court in the MOO also determined an amount of $100,000 in noneconomic damages and $0 in erosion damages for Leyba. *Id*. In total,

---

[1] FEMA has filed an unopposed motion to stay the final judgment until September 19, 2025. Doc. 79.

the Court in the MOO modified Leyba's award to $269,782.43. *Id*. at 130. This matches the final judgment, which includes a modified award of $269,782.43 for Leyba. Doc. 77 at 2.

        2.    *Lungstrum*

Petitioner Gregory Lungstrum sought judicial review of the following claim determinations: i) FEMA's award of $744,558.83 for reforestation damages, ii) FEMA's award of $49,008 for erosion damages, iii) FEMA's denial of $175,000 in requested loss of hunting revenue damages, and iv) FEMA's denial of $300,000 in requested noneconomic damages. Doc. 74 at 28. During the Hearing, the Court found that FEMA's determination of reforestation damages was only partly supported by the record and announced a modified claim determination of $1,153,586. *Id*. at 30. Specifically, the Court found that although substantial evidence supported FEMA's denial of the contingency fee and aesthetic damage line items, FEMA's calculations for the remaining reforestation line items were not supported by the record. *Id*. at 29–30. For the erosion claim, the Court found that the record supported FEMA's conclusion that the requested road regrading only needed to be conducted once instead of three times as indicated in Petitioners' expert report and upheld FEMA's denial of a thirty-five percent contingency fee. *Id*. at 30. However, the Court concluded that FEMA's determination regarding the eligible roads and trails for repair was not supported by substantial evidence. *Id*. Consequently, the Court modified FEMA's erosion award to $257,888.95. *Id*. For the loss of hunting revenue claim, the Court found FEMA's denial to be supported by substantial evidence and upheld FEMA's award of $0. *Id*. at 30. Finally, for the noneconomic damages claim, the Court entered a modified award of $300,000 for Lungstrum. *Id*. at 31.

The Court also revisited Lungstrum's reforestation and erosion claims in the MOO. For the reforestation claim, the Court found that FEMA's categorical denial of aesthetics and contingency

fees to be unsupported by both the Act and the record, reversing its finding during the Hearing. *Id*. at 29–30, 110. Additionally, the Court found that FEMA's original calculation of the other reforestation line items, totaling $744,558.83, was supported by substantial evidence. *Id*. at 30, 111. Adding aesthetic damages, lost resources damages, and a ten percent contingency fee to FEMA's original reforestation award of $744,558.83, the Court entered a modified reforestation award of $1,035,608.83, revising the $1,153,586 amount from the Hearing. *Id*. at 30, 111.

For the erosion claim, the Court revised the modified award by adding a contingency fee that was previously denied in the Hearing. *Id*. at 30, 111–112. The Court upheld FEMA's determination that the road regrading only needed to occur once and not three times as requested by Petitioners. *Id*. at 112. In arriving at the total modified claim amount for erosion damages, the Court divided Petitioners' road regrading cost estimate by three, added three undisputed line items ((i) a fifteen percent maintenance fee, (ii) a twenty percent mobilization fee, and (iii) a five percent erosion control fee), and added the ten percent contingency fee. *Id*. at 113. The Court announced a modified award amount of $326,186.05, revising the $257,888.95 amount from the Hearing. *Id*. at 30, 113. The Court did not modify its denial of Lungstrum's lost hunting revenue claim or its revised determination of $300,000 in noneconomic damages from the Hearing. *Id*. at 115. The Court entered a total modified award of $1,661,794.88 for Lungstrum. *Id*. at 131.

The final judgment mirrors the MOO, providing a total modified award of $1,661,794.88 for Lungstrum, which includes $300,000 in noneconomic damages, $1,035,608.83 in reforestation damages, and $326,186.05 in erosion damages. Doc. 77 at 2.

### 3. *Herrera-Romero*

Petitioner Juanita Herrera-Romero sought judicial review of FEMA's denial of her $200,000 noneconomic damages claim. *Id*. at 34. During the Hearing, the Court announced a modified award for noneconomic damages of $180,000. *Id*.

The Court did not revise its noneconomic damages determination for Herrera-Romero in the MOO. *Id*. at 129. The total modified award for Herrera-Romero in the MOO totals $266,460.25, which includes $58,773.11 in uncontested economic damages. *Id*. at 127, 131. The final judgment includes the same $266,460.24 modified award amount. Doc. 77 at 3.

### C. **Petitioners' motion to correct the final judgment**

Petitioners filed a motion to clarify or correct the final judgment, requesting a revision of the modified award amounts for Petitioners Leyba and Lungstrum. Doc. 80 at 7. Petitioners state that the amounts for Leyba's and Lungstrum's modified awards in the final judgment differ from those rendered during the Hearing and included in the MOO. So, Petitioners argue that the final judgment should be corrected so that these modified awards reflect the amounts announced during the Hearing. *Id*. at 6–7.

In their Motion, Petitioners cite to the MOO's procedural history, rather than its analysis section, in describing the modified award amounts ordered for Leyba and Lungstrum. They state that the amounts for Leyba and Lungstrum in the MOO are the same as those announced during the Hearing. Doc. 80 at 6–7. As support, Petitioners cite to the portions of the MOO summarizing the Court's determinations for each Petitioner during the Hearing. *Id*. Petitioners overlook, however, the analysis section of the MOO, in which the Court revised the amounts from the Hearing based on its legal and factual consideration of Petitioners' claims. The Court's amounts from its analysis in the MOO match the amounts included in the final judgment. *Compare* Doc.

74 at 130–131 *with* Doc. 77 at 2–3.

**II.     Legal Standard**

Petitioners bring their motion under Federal Rule of Civil Procedure 60(a). *Id*. at 5.[2] Federal Rule of Civil Procedure 60(a) states:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

The court has discretion to correct judgments under Rule 60(a). "It is axiomatic that courts have the power and the duty to correct judgments containing clerical errors or judgments issued due to inadvertence or mistake," *Sec. Mut. Cas. Co. v. Century Cas. Co.*, 621 F.2d 1062, 1065 (10th Cir. 1980). However, corrections under Rule 60(a) are limited in scope. "Rule 60(a) may be relied on to correct what is erroneous because the thing spoken, written, or recorded is not what the person *intended* to speak, write, or record." *McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989) (citation omitted) (emphasis in original). Importantly, "[a] correction under Rule 60(a) should require no additional proof." *Id*.

---

[2] If the Court were to treat the motion as one to amend the final judgment under Federal Rule of Civil Procedure 59(e), Petitioners would still not be entitled to their requested relief. Rule 59(e) permits parties to move to "alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Motions under Rule 59 may request "a substantive change in the district court's judgment or otherwise question[] its substantive correctness." *Yost v. Stout*, 607 F.3d 1239, 1243 (10th Cir. 2010); *see also Nelson v. City of Albuquerque*, 921 F.3d 925, 928 (10th Cir. 2019) (describing such motions as falling under Rule 59 regardless of their labeling). Relief under Rule 59(e) is available in circumstances that include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Hayes Fam. Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) (identifying same set of circumstances). However, Petitioners' Motion cannot meet the standard under Rule 59(e) as they only point to discrepancies between the amounts listed in the final judgment and the MOO. Doc. 80 at 6–7. Critically, Petitioners do not articulate why the Court's calculations from the MOO are wrong.

**III.    Argument**

    **A.    Petitioners' requests for correction of Leyba and Lungstrum's modified award amounts in the final judgment are not due to clerical error or mistake and should be denied.**

Petitioners do not demonstrate that the Court inadvertently or unintentionally altered its determinations from the Hearing in the final judgment. Accordingly, Petitioners' request to correct Leyba's and Lungstrum's modified award amounts in the final judgment are without merit. Petitioners point out that Lungstrum's and Leyba's modified award amounts in the final judgment differ from those in the MOO and argue that the amounts in the final judgment are therefore incorrect. Doc. 80 at 6–7. However, these discrepancies are no mistake as Petitioners overlook the Court's further revision in the MOO of FEMA's awards modified during the Hearing.

The Court initially modified Leyba's award from $116,673.67 to $326,538 during the Hearing, to include $226,538 in reforestation damages and $100,000 in noneconomic damages. Doc. 74 at 26–27. However, the Court in its MOO further revised this amount to $269,782.43. *Id*. at 101. The same amount is included in the final judgment. Doc. 77 at 2. The discrepancy in the amounts stems from the Court's further revision of Leyba's reforestation award in the MOO. Doc. 74 at 100. Specifically, the Court found that FEMA's calculation of Leyba's reforestation damages, which the Court set aside during the Hearing, was in fact supported by substantial evidence. *Id*. at 25–26, 100.

Lungstrum's award modifications follow a similar pattern. The Court initially modified Lungstrum's award from $890,820.73 to $1,711,474.96 during the Hearing. Doc. 74 at 28, 31. The modified award included $1,153,586 in reforestation damages, $257,888.95 in erosion damages, and $300,000 in noneconomic damages. *Id*. at 30–31. The Court then further revised Lungstrum's award in the MOO to $1,661,794.88. *Id*. at 131. The final judgment includes the same amount as in the MOO. Doc. 77 at 2.

The discrepancy between the award modification amounts for Lungstrum during the Hearing and included in the final judgment stems from the Court's further modification of several line items in Lungstrum's erosion and reforestation awards in the MOO. For reforestation damages, the Court found compensable under the Act a ten-percent contingency fee and aesthetic damages that the Court previously denied during the Hearing. Doc. 74 at 29–30, 110–11. Additionally, the Court upheld FEMA's determination of the remaining reforestation line items, reversing its finding during the Hearing. *Id*. at 30, 110–11. For the erosion damages, the Court also added a ten-percent contingency fee. *Id*. at 113.

Despite the Court's revised findings in the MOO, Petitioners request that Leyba's and Lungstrum's claim determinations be reverted to the modified award amounts announced during the Hearing. Doc. 80 at 6–7. Petitioners do not contest the Court's underlying rationale for further revising these determinations. *See generally* Doc. 80. Indeed, Petitioners do not even refer to the Court's reasoning for its modification of Leyba's reforestation damages or Lungstrum's reforestation and erosion damages in the MOO. They only point to discrepancies between the Hearing and final judgment claim modification amounts for these two Petitioners. *Id*. at 6–7.

Corrections under Rule 60(a) must be "due to inadvertence or mistake." *Sec. Mut. Cas. Co.*, 621 F.2d at 1065. Here, Leyba's and Lungstrum's modified award amounts in the final judgment differ from those announced during the Hearing not because of clerical error or mistake, but because of the Court's further revised findings of law and fact after reconsidering the evidence in the administrative record in the MOO. And the Court acted well within its discretion to make such revisions. *Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988) ("It is within the District Judge's discretion to revise his interlocutory orders prior to entry of final judgment."). As there is no clerical error or mistake that is redressable under Rule 60(a), Petitioners' request to

9

correct Leyba's and Lungstrum's modified award amounts in the final judgment should be denied.

    **B.    The Court should revise the modified award amounts for Lungstrum and Herrera-Romero to correct tabulation errors.**

Upon review of the modified award amounts in the MOO and the final judgment, FEMA respectfully calls the Court's attention to potential tabulation errors in Lungstrum, Leyba, and Herrera-Romero's modified awards. These calculation issues are the kinds of clerical errors or mistakes that are redressable under Rule 60(a). *Sec. Mut. Cas. Co.*, 621 F.2d at 1065. In recalculating these modified award amounts, FEMA seeks only to accurately effectuate the Court's intended calculations. *McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989). FEMA does not, by identifying these apparent calculation discrepancies, suggest that it agrees with or consents to judgment against it in the recalculated amounts. Rather, FEMA preserves all rights to challenge the judgment, including by filing a notice of appeal—for which the deadline has not yet passed. With those reservations of rights, FEMA respectfully requests that the Court correct its modified award amounts for Leyba, Lungstrum, and Herrera-Romero in the final judgment to reflect the recalculations discussed below.

    1.  *Leyba*

Leyba's modified reforestation award merits correction as a different contingency fee amount was included in the MOO than the ten-percent fee adopted in the Court's analysis. In the MOO, the Court added $4,300 for taxes associated with Leyba's reforestation cost, $41,155 in aesthetic damages, FEMA's award of $107,865.43, and $16,462 in contingency costs to arrive at a total of $169,782.43. *Id.* at 96 ("Adding compensation for taxes, a contingency fee, and aesthetic damages to FEMA's $107,865.43 award puts Leyba at $169,782.43…"). The $16,462 contingency fee used by the Court appears to be the fee included in Petitioners' expert report. *Id.* ("Leyba's requested ten percent contingency fee amounts to $16,462.00.").

10

However, in its analysis, the Court determined that a contingency fee of *ten percent* is compensable under the Act. *Id*. ("The Court also concludes that ten percent is a reasonable contingency fee and 'orders FEMA to compensate those Plaintiffs for their requested ten percent construction contingency fees for reforestation or revegetation.'"). Accordingly, Leyba's amount should be recalculated to include a ten-percent contingency fee based on the subtotal summing the line items the Court found compensable in the MOO. Notably, this is the methodology the Court uses, adding a ten-percent contingency fee based on the Court's independent summation of all compensable line items, in determining Petitioner Seaverns Living Trust's erosion damages. *Id*. at 125 ("By adding the Seaverns ESI Erosion Report's undisputed line items -- ten percent for mobilization and five percent for erosion control -- Seaverns has an overall subtotal of $867,201.20. Adding a ten percent contingency fee -- $86,720.12 -- leaves Seaverns with a grand total of $953,921.32."). The recalculated total reforestation amount for Leyba is $168,652.47. A chart with the recalculated amount is included below.

|  | Post-Hearing Brief Amount (Doc. 74 at 110-111) | Recalculated Amount |
|---|---:|---:|
| FEMA's Reforestation Award | $ 107,865.43 | $ 107,865.43 |
| Aesthetic Damages | $ 41,155.00 | $ 41,155.00 |
| Tax Line Item | $ 4,300.00 | $ 4,300.00 |
| Subtotal | $ 153,320.43 | $ 153,320.43 |
| Contingency Fee | $ 16,462.00 | $ 15,332.04 |
| Reforestation Total | $ 169,782.43 | $ 168,652.47 |

Adding the updated reforestation damages amount of $168,652.47 to the $100,000 in noneconomic damages, *id*. at 101, yields a total modified award of $268,652.47 for Leyba. Leyba's modified award amount in the final judgment is $269,782.43. Doc. 77 at 2. FEMA respectfully requests that the Court correct its modified award for Leyba in the final judgment to $268,652.47.

    2. *Lungstrum*

Lungstrum's modified reforestation award merits correction for the same contingency fee

issue. In the MOO, the Court added a ten-percent contingency fee, $54,933 in aesthetic damages, and $96,252 in lost resources damages to FEMA's award of $744,558.83, resulting in a total reforestation damages amount of $1,035,608.83.[3] Doc. 74 at 110–111 ("Adding the ten-percent contingency fee, aesthetic damages, and lost-resources damages to FEMA's $744,558.83 reforestation award, the Court modifies FEMA's final reforestation decision and enters a $1,035,608.83 reforestation award for Lungstrum.").

As with Leyba's award, the Court added a contingency fee based on the cost estimate from Petitioners' expert report, rather than a ten-percent fee derived from an updated subtotal of line items found compensable under the Act by the Court. *Id.* at 111; AR-Lungstrum-000230. The recalculated total reforestation award amount is $985,318.21. Included below is a chart with FEMA's calculations:

|  | Post-Hearing Brief Amount (Doc. 74 at 110-111) | Recalculated Amount |
|---|---|---|
| FEMA's Reforestation Award | $ 744,558.83 | $ 744,558.83 |
| Aesthetic Damages | $ 54,933.00 | $ 54,933.00 |
| Lost Resources | $ 96,252.00 | $ 96,252.00 |
| Subtotal | $ 895,743.83 | $ 895,743.83 |
| Contingency Fee (10%) | $ 109,865.00 | $ 89,574.38 |
| Reforestation Total | $ 1,005,608.83 | $ 985,318.21 |

Adding the recalculated reforestation damages of $985,318.21 to the $326,186.05 in erosion damages and $300,000 in noneconomic damages, the total recalculated modified award amount for Lungstrum is $1,611,504.26. The Court entered an amount of $1,661,794.88 in the final judgment. Doc. 77 at 3. FEMA respectfully requests that the Court correct Lungstrum's reforestation amount to $985,318.21 and total modified award amount to $1,611,504.26.

---

[3] In the table below, after summing the amounts to be included in Lungstrum's reforestation award according to the MOO, the total amount yielded an award of $1,005,608.83. The total according to the MOO is listed as $1,035,608.83. Doc. 74 at 110–111.

### 3. *Herrera-Romero*

The Court entered a modified award amount for Herrera-Romero totaling $266,460.24 in the final judgment. Doc. 77 at 3. To calculate this amount, the Court added $180,000 in noneconomic damages to the uncontested $58,773.11 in economic damages. Doc. 74 at 127–130. FEMA also retabulated this amount, which yielded a total of $238,773.11. FEMA respectfully requests that the Court correct its modified award for Herrera-Romero in the final judgment to $238,773.11.

## IV. Conclusion

For the reasons set forth herein, FEMA respectfully requests the Court: 1) deny Petitioners' request to correct Leyba's claim determination in the final judgment to reflect the amount of $326,538; 2) deny Petitioners' request to correct Lungstrum's claim determination in the final judgment to reflect the amount of $1,711,474.96; 3) grant FEMA's request to correct Leyba's claim determination in the final judgment to reflect the amount of $268,652.47, which includes an amount for reforestation damages of $168,652.47; 4) grant FEMA's request to correct Lungstrum's claim determination in the final judgment to reflect the amount of $1,611,504.26, which includes an amount for reforestation damages of $985,318.21; and 5) grant FEMA's request to correct Herrera-Romero's claim determination in the final judgment to reflect the amount of $238,773.11. As noted above, by requesting such relief, FEMA does not consent to judgment against it in the corrected or un-corrected amounts and preserves all rights, including on appeal, to contest the final judgment.

Dated: September 2, 2025

Respectfully submitted,

RYAN ELLISON
United States Attorney

*/s/ Rafael F. Go*
RAFAEL F. GO
NICHOLAS M. SYDOW
CARRIE Y. YANG
Assistant United States Attorneys
201 Third Street NW, Suite 900
Albuquerque, New Mexico 87102
(505) 224-1467; Fax (505) 346-7205
rafael.go@usdoj.gov
nicholas.sydow@usdoj.gov
carrie.yang@usdoj.gov

***Counsel for Federal Respondent***

CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2025, I filed the foregoing pleading electronically through the CM/ECF system which caused all parties or counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing.

*/s/ Rafael F. Go*
RAFAEL F. GO
Assistant United States Attorney

14