IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY GALLEGOS; OLEN C. PRIDDY;
SHEILA CAVITT-OLGUIN; TYLER KEMP;
DEBORAH LEYBA; ROSE ANNA
MARQUEZ; DANIEL JOSLIN; GREGORY
LUNGSTRUM; JUANTIA MAESTAS;
CANDACE SEAVERNS on behalf of the
Seaverns Family Living Trust; RICHARD
OGOREK; JUANTIA HERRERA-ROMERO,

        Plaintiffs,

vs.                                     No. CIV 24-0170 JB/JFR

FEDERAL EMERGENCY MANAGEMENT
AGENCY, DOES 1-20, inclusive,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Plaintiffs' Opposed Motion to Correct or Clarify the Final Judgment, filed August 18, 2025 (Doc. 80)("Motion to Correct"); (ii) Federal Emergency Management Agency's Response to Petitioners' Motion to Clarify or Correct the Final Judgment and Cross-Motion to Clarify or Correct the Final Judgment, filed September 2, 2025 (Doc. 81)("Cross-Motion"); and (iii) the Plaintiffs' Opposed Motion for Supplemental Briefing on Motion to Clarify the Judgment, filed January 6, 2026 (Doc. 102)("Supplemental Briefing Motion"). The Court holds a hearing on the Motion to Correct and on the Cross-Motion on November 19, 2025. See Clerk's Minutes at 1. The primary issues are: (i) whether the Court should clarify or correct the Final Judgment, because the damages the Court awards in the final judgment are inconsistent with the damages the Court awards at the judicial review hearing and in its subsequent Memorandum Opinion and Order, filed July 21, 2025 (Doc. 74); (ii) whether the

Court should reduce its contingency fee award[1] to Plaintiffs Deborah Leyba and Gregory Lungstrum, because the final contingency award is greater than the ten percent which the Court deems reasonable in its Memorandum Opinion and Order;  (iii) whether the Court should correct a tabulation error in Plaintiff Juantia Herrera-Romero's award; (iv) whether the Court should clarify and alter its Final Judgment to include alleged uncontested amounts the Federal Emergency Management Agency ("FEMA") previously awards; and (v) whether the Court should allow supplemental briefing.  The Court concludes that: (i) it does not alter the Final Judgment pursuant to the Plaintiffs' requests, because the challenged amounts the Court awards in the Final Judgment are consistent with its rulings in the Memorandum Opinion and Order, subsequent to the judicial review hearing; (ii) it alters the contingency awards to give both Leyba and Lungstrum an actual ten percent contingency fee; (iii) it corrects the tabulation error in Herrera-Romero's award; (iv) it does not clarify and alter the Final Judgment to include amounts which FEMA previously awards, because these amounts are not accepted by the Plaintiffs prior to the judicial review hearing and are not presented to the Court at the judicial review hearing; and (v) allows supplemental briefing, but will not delay issuing this Memorandum Opinion and Order awaiting full briefs.

**FACTUAL BACKGROUND**

On April 6, 2022, the United States Forest Service initiates a prescribed burn in the Santa Fe National Forest that spirals out of control, and causes a wildfire which spreads to non-federal land and damages private property.  See Motion to Correct at 2-3.  That fire is the Hermit's Peak/Calf Canyon Fire.  See Motion to Correct at 3.  On September 30, 2022, Congress enacts the Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104, 136 Stat. 2114, 2168

---

[1] The Hermit's Peak Act provides compensation for construction contingency fees.  See Gallegos, 2025 WL 2029724, at * 29.  A construction contingency fee is "a predetermined amount or percentage of the contract held for unpredictable changes in the project." Managing the contingency allowance (dated November 30, 2023), AMERICAN INSTITUTE OF ARCHITECTS, available at https://www.aia.org/resource-center/managing-the-contingency-allowance.

(2022)("Hermit's Peak Act") to compensate victims of the Hermit's Peak/Calf Canyon Fire. See Motion to Correct at 3. The Hermit's Peak Act provides the right for judicial review of the Administrator's final decision. See Hermit's Peak Act § 104(i)(1). Pursuant to the Hermit's Peak Act, the Plaintiffs file claims for compensation and then file this action for judicial review of FEMA's decisions on their claims. See Motion to Correct at 3. After the Court denies FEMA's motion to dismiss for failure to exhaust administrative remedies, it holds the judicial review hearing of Plaintiffs' claims on May 5, 2025, and May 6, 2025. See Motion to Correct at 3. At the hearing the Court reviews the administrative record and makes findings on the record, which includes deciding awards for the Plaintiffs. See Motion to Correct at 3. Relevant to this Order, at the hearing, the Court awards $326,538.00 to Leyba -- $226,538.00 in reforestation damages and $100,000.00 in non-economic damages -- and $1,711,474.96 to Lungstrum -- $1,153,586.00 in reforestation damages, $257,888.95 in erosion damages, and $300,000.00 in noneconomic damages. See Cross-Motion at 8. On July 21, 2025, the Court issues its Memorandum Opinion and Order with its findings from the judicial review hearing, which alters the amounts awarded to Plaintiff Deborah Leyba and Plaintiff Gregory Lungstrum. See Gallegos v. Fed. Emergency Mgmt. Agency, No. CIV 24-0170 JB/JFR, 2025 WL 2029724 (D.N.M. July 21, 2025)("Gallegos"). In Gallegos, the Court revises its calculation of Leyba's reforestation award, finding that substantial evidence supports FEMA's calculation of Leyba's reforestation damages, which the Court set aside during the judicial review hearing. See 2025 WL 2029724, at * 40. Accordingly, the Court reduces Leyba's total award from $326,538.00 to $269,782.43 -- $169,782.43 in reforestation damages and $100,000.00 in noneconomic damages. See Gallegos, 2025 WL 2029724, at * 41. The Court similarly reduces Lungstrum's award, modifying several line items in Lungstrum's erosion and reforestation awards. See Gallegos, 2025 WL 2029724, at * 44-45. The Court reduces Lungstrum's total award from $1,711,474.96 to $1,611,794.88 --

$300,000.00 in noneconomic damages, $1,035,608.33 in reforestation damages, and $326,186.05 for road-regarding and erosion damages. See Gallegos, 2025 WL 2029724, at * 46. The Final Judgment reflects these revised final amounts. See Final Judgment, filed July 30, 2025 (Doc. 77).

## ANALYSIS

The Plaintiffs file the Motion to Correct or Clarify, arguing that the awards for Leyba and Lungstrum in the Final Judgment are inconsistent with the Court's awards at both the judicial review hearing and in Gallegos. See Motion to Correct at 6-7. This argument misreads the Court's opinion in Gallegos; the Plaintiffs rely on the Court's summary of the damages awards given at the judicial review hearing in the Procedural Background section as evidence of the Court's final damages award in Gallegos, and do not focus on the Analysis portion of the opinion where the Court revises the amounts from the judicial review hearing based on legal and factual consideration of the Plaintiffs' claims. See Motion to Correct at 7. The Plaintiffs recognize this misreading of Gallegos in the Plaintiffs' Reply to Motion to Correct or Clarify the Final Judgment and Opposition to FEMA's Cross-Motion to Correct or Clarify the Final Judgment, filed November 5, 2025 (Doc. 92)("Plaintiffs' Reply"), stating: "In light of FEMA's opposition/cross-motion, it appears the discrepancy is because this Court's final order and judgment revised the award of Lungstrum's and Leyba's reforestation damages provided at the judicial review hearing. If so, then Plaintiffs accept those sums and withdraw that aspect of their motion." Plaintiffs' Reply at 2. The Court thus deems the Plaintiffs to withdraw this discrepancy argument.

In the Cross-Motion, FEMA raises two separate requests for correction, asking the Court first to modify the contingency fee awards given both to Leyba and to Lungstrum, because the contingency fee amount that the Court awards in Gallegos to both Plaintiffs is a "fee based on the cost estimate from Petitioners' expert report, rather than a ten-percent fee derived from an updated subtotal of line items found compensable under the Act by the Court." Cross-Motion at 10. See

Cross-Motion at 7.  In response, the Plaintiffs argue that FEMA categorically denies the Plaintiffs' contingency costs and, accordingly, contend that the Plaintiffs are the only ones to provide evidence to support the contingency costs.  See Plaintiffs' Reply at 4.  The Plaintiffs request that the Court base the contingency fee on the Plaintiffs' expert reports, which the expert formulates after conducting a site inspection and providing estimates for actual work to be performed, "since these reports represent the actual costs Leyba and Lungstrum are likely to incur when rehabilitating their properties."  Plaintiffs' Reply at 4.  The Court agrees with FEMA and reduces the contingency fee award.

In Gallegos, the Court holds that, although the Hermit's Peak Act allows for construction contingency fees, those fees must be reasonable and determines that an award of a ten percent contingency fee is reasonable.  See 2025 WL 2029724, at * 30.  The Court adopts the requested ten percent contingency fees from both Leyba and Lungstrum's expert reports, which use a reforestation damages estimation different than the reforestation damages award that the Court gives to Leyba and to Lungstrum in Gallegos, and in the Final Judgment.  See Gallegos, 2025 WL 2029724, at * 39, 44; Leyba Western Wildlife Report at 1 (AR-Leyba-00068); Lungstrum Western Wildlife Report at 1 (AR-Lungstrum-000230).  Because the Court modifies the reforestation damages award for both Leyba and Lungstrum in Gallegos, however, the ten percent contingency fee in the expert reports translates to an actual contingency fee of "roughly 10.7% of Leyba's modified reforestation award and 12.27% of Lungstrum's modified reforestation award."  FEMA's Reply in Support of Cross-Motion to Clarify or Correct the Final Judgment, at 5, filed November 12, 2025 (Doc. 93)("FEMA's Reply").  The Court does not determine that a contingency fee award of 10.7 percent or 12.27 percent is inherently unreasonable.  Instead, the Court seeks to remain consistent with its ruling in Gallegos, wherein the Court awards both Leyba and Lungstrum a ten-percent contingency fee for its reforestation damages.  See 2025 WL 2029724, at * 39, 44.

Accordingly, the Court corrects the contingency fee award for both Leyba and Lungstrum to reflect a ten-percent award of its reforestation damages -- $15,332.04 for Leyba and $89,574.38 for Lungstrum. This re-calculation results in a total reforestation damages amount of $168,652.47 and a total award of $268,652.47 for Leyba, and a total reforestation damages amount of $985,318.21 and a total award of $1,611.504.26 for Lungstrum.

Second, FEMA requests that the Court correct a tabulation error, adding $180,000.00 in noneconomic damages to $58,773.11 in economic damages to reflect a damages award for Plaintiff Herrera-Romero of $238,773.11, instead of the award amount of $266,460.24 that the Court entered for Herrera-Romero in the Final Judgment. See Cross-Motion at 13. The Court grants this request. In Gallegos, the Court notes FEMA's unchallenged final economic damages offer of $58,773.11 and awards Herrera-Romero $180,000.00 in noneconomic damages. See 2025 WL 2029724, at * 52. The Court does not award any other damages to Herrera-Romero. Adding up the damages awards leads to a total damages amount of $238,773.11, instead of the $266,460.24 that the Court enters in the Final Judgment. Accordingly, the Court corrects the Final Judgment to reflect the correct amount.

Finally, in the Plaintiffs' Reply, the Plaintiffs argue that FEMA takes the position that it does not owe the items of compensation which FEMA awards in its final determination, but that Leyba and Lungstrum do not contest at the judicial review hearing. See Plaintiffs' Reply at 3. The Plaintiffs request clarification that Leyba and Lungstrum are entitled to these amounts, and request that the Court alter the Final Judgment to include these uncontested amounts which FEMA previously awards. See Plaintiffs' Reply at 3. In response, FEMA argues that it does contest the awards which Leyba and Lungstrum request, and oppose the Court's addition of "contested line-items to the final awards post-judgment." FEMA's Reply at 3. FEMA maintains that it contests the awards Leyba seeks, because her request is for the "final award [of] the tax and claims

preparation expenses offered in a prior, rescinded Letter of Determination." FEMA's Reply at 3. Further, FEMA highlights that the Court already awards Leyba taxes in its Gallegos opinion, and "opposes changing the Court's tax determination." FEMA's Reply at 3. FEMA also asserts that it contests Lungstrum's requested awards, because these awards are "four line-items which he rejected in his notices of administrative appeal, . . . and did not request in the May 5 and May 6, 2025 judicial review hearings." FEMA's Reply at 3. The Court notes that these awards which Leyba and Lungstrum seek are unaccepted by Leyba and Lungstrum before the judicial review hearing, and are not brought before the Court during the judicial review hearing. Accordingly, the Court concludes that it is inappropriate for the Court to consider awarding these amounts on a motion to correct the judgment under rule 60(a) of the Federal Rules of Civil Procedure, which limits corrections to "clerical errors or judgments issued due to inadvertence or mistake." Security Mut. Cas. Co. v. Century Cas. Co., 621 F.2d 1062, 1065 (10th Cir. 1980). This conclusion is especially sound, because Leyba and Lungstrum seek compensation for line items which they fail to identify either in their Plaintiffs' Review Hearing Brief, filed April 29, 2025 (Doc. 52), or during the two days of judicial review hearings during which the Court rules on issues of disputed awards. The Court will not allow the Plaintiffs to seek compensation for unaccepted damages which the Plaintiffs do not bring to the Court's attention at the judicial review hearing; the Plaintiffs have the ability to chose which issues to litigate, which to concede, and which to ignore. Having chosen to ignore these unaccepted damages at the judicial review hearing, the Plaintiffs must now live without them.

The Court understands the Plaintiffs to believe that FEMA does not contest these damages which they seek, and that therefore FEMA's position is that the only damages available are those which the Court decides at the judicial review hearing. See Plaintiffs' Reply at 3. In denying Leyba and Lungstrum the damages they request, FEMA does not assert, however, that partial

review hearings are not available under the Hermit's Peak Act. See FEMA's Reply at 8 ("Lungstrum argues that the HPCC Act allows a claimant to seek judicial review of a portion of their claim without setting aside the award. While true, Lungstrum did not accept certain line-items and ask the Court to leave those line-items in place."). Instead, FEMA asserts that FEMA contests the damages which Leyba and Lungstrum seek, and that, therefore, the Plaintiffs should not be able to request the Court to decide these damages after the judicial review hearing and after the Court enters Final Judgment in the case. See FEMA's Reply at 7. The Court agrees with FEMA's argument, insofar as it will not award unaccepted damages not presented to the Court at the judicial review hearing after Final Judgment has been entered in the case.

Leyba argues that the Court should award several "uncontested" line items, which include $8,724.37 in NRCS[2] sales tax and $7,125.87 in claims preparation expenses, in Leyba's January 13, 2024 Letter of Determination. See Plaintiffs' Reply at 9. These items are part of a rescinded Letter of Determination, however, which Leyba does not accept. See FEMA's Reply at 10. Upon request from Leyba, FEMA rescinds the January Letter of Determination and replaces it with a May 14, 2024 Letter of Determination which does not list an NRCS sales tax award or claims preparation award, but rather different categories such as "Tax," "Reforestation -- Professional Fees," "Attorney Fees" and "Reforestation/Revegetation." See Email from Leyba's Counsel to FEMA Requesting FEMA Rescind Leyba's January 13, 2024 Letter of Determination (dated February 29, 2024)(AR-Leyba-000195); Leyba's May 14, 2024 Letter of Determination (dated May 14, 2024)(AR-Leyba-000090). Leyba argues that, despite the fact that FEMA rescinds the

---

[2] The Natural Resources Conservation Service is the United States Department of Agriculture's "primary lands conservation agency," and the agency "generate[s], manage[s], and share[s] the data, technology, and standards that enable partners and policymakers to make decisions informed by objective, reliable science." United States Department of Agriculture, Natural Resources Conservation Service, About NRCS (undated), available at https://www.nrcs.usda.gov/about.

January Letter of Determination letter and replaces the letter, she is still entitled to the damages that FEMA awards, because she "has not released FEMA in connection with these damages." Plaintiffs Reply at 9. The Court disagrees with Leyba's assertion. Leyba's act of requesting that FEMA rescind FEMA's Letter of Determination and replace the Letter of Determination with a different award of damages in a subsequent Letter of Determination constitutes a rejection of FEMA's January Determination, and therefore FEMA does not owe those damages. That Leyba asks FEMA to rescind these damages means that Leyba is no longer entitled to these damages, and these damages are unaccepted. Accordingly, Leyba should bring these unaccepted damages before the Court at the judicial review hearing for the Court to make rulings on these damages' correct disposition. The Court will not rescue Leyba, after it has entered final judgment in the case, and rule on these unaccepted damages' correct disposition. Accordingly, the Court declines to modify the Final Judgment to award Leyba $8,724.37 in NRCS sales tax and $7,125.87 in claims preparation expenses.

The Court determines that Lungstrum's requested damages are similarly unaccepted. Lungstrum requests the award of several claimed unaccepted line items: $2,336.03 in erosion expert fees, $10,700 in arborist expert fees, $50,991.53 in arborist tax, and $3,226.34 in erosion tax. Plaintiffs' Reply at 8. Lungstrum asserts that he "did not contest these damages, so they were not included in the judicial review hearing." Plaintiffs' Reply at 8. This assertion, however, does not negate the fact that Lungstrum does not accept these damages. In his Notice of Appeal for Claimant Gregory Lungstrum (dated August 27, 2024)(AR-Lungstrum-000142), Lungstrum notifies FEMA of his intent to appeal its award of, among others, the (i) erosion expert fees; (ii) the arborist expert fees; (iii) the arborist tax; and (iv) the erosion tax -- in sum, all of the damages which he now asserts he is entitled to. See Notice of Appeal for Claimant Gregory Lungstrum at 1. Lungstrum cannot tell FEMA that an award is "unacceptable," Notice of Appeal for Claimant

Gregory Lungstrum at 1 (AR-Lungstrum-000142), not bring it up for the Court to review at the judicial review hearing, and then assert that these same damages are acceptable because of this failure to bring the damages before the Court.  The Court will not rescue Lungstrum after it enters final judgment in this case and rule on the correct disposition of these unaccepted damages.  Accordingly, the Court declines to modify the Final Judgment to award Lungstrum $2,336.03 in erosion expert fees, $10,700 in arborist expert fees, $50,991.53 in arborist tax, and $3,226.34 in erosion tax.

The Plaintiffs file the Plaintiffs' Opposed Motion for Supplemental Briefing on Motion to Clarify the Judgment, filed January 6, 2026 (Doc. 102), requesting leave from the Court to file supplemental briefing.  See Plaintiffs' Opposed Motion for Supplemental Briefing on Motion to Clarify the Judgment at 3.  The Court decides the Motion to Correct and the Cross-Motion on the briefing before the Court.  Nevertheless, if the Plaintiffs want to say more, they are welcome to file supplemental briefing.

**IT IS ORDERED** that: (i) the Plaintiffs' Opposed Motion to Correct or Clarify the Final Judgment, filed August 18, 2025 (Doc. 80), is denied; (ii) the Cross-Motion in the Federal Emergency Management Agency's Response to Petitioners' Motion to Clarify or Correct the Final Judgment and Cross-Motion to Clarify or Correct the Final Judgment, filed September 2, 2025 (Doc. 81), is granted; (iii) the Plaintiffs' Opposed Motion for Supplemental Briefing on Motion to Clarify the Judgment, filed January 6, 2026 (Doc. 102)("Motion for Supplemental Briefing"), is granted; (iv) Plaintiff Deborah Leyba's corrected final damages award is $268,652.47; (v) Plaintiff Gregory Lungstrum's corrected final damages award is $1,611.504.26; and (vi) Plaintiff Juantia Herrera-Romero corrected final damages award is $238,773.11.

UNITED STATES DISTRICT JUDGE

*Counsel:*

Brian S. Colon
Alexander F. Flores
Jacob Payne
Singleton Schreiber
Albuquerque, New Mexico

-- and --

Gerald Singleton
Benjamin Siminou
Jonna D. Lothyan
Krystle D. Berkstresser
Paul Starita
Alicia Zimmerman
Singleton Schreiber
San Diego, California

      *Attorneys for the Plaintiff*

Ryan Ellison
  First Assistant United States Attorney
Nicholas Sydow
Carrie Yang
Rafael Go
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

      *Attorneys for the Defendants*

- 11 -